SPAULDING (PERRIGO v.) See Case No. 10,994.

---

## Case No. 13,220.

### SPAULDING v. TUCKER.

#### [1 Deady, 649.] [1]

Circuit Court, D. California. Oct. 26, 1869. [2]

PATENTS—PATENTABLE INVENTION—PRESUMPTIONS —MECHANICAL EXPERTS—DAMAGES.

1. A mode of inserting detachable teeth in circular saw plates upon circular lines, so as to distribute the strain caused by the point of the tooth pressing upon the wood, over the whole surface of the socket or recess in which such tooth is inserted and thereby prevent the plate from cracking, is a patentable invention.

2. A patent is not allowed for the mere exercise of mechanical skill; the patentee must add something to what was previously known or used.

3. If, after a patentee has conceived the idea of his invention, and while he is in process of developing and testing it, a third person should make suggestions to him similar to the conception already in his mind and upon which he was then experimenting, such suggestion would not affect the originality of the discovery or the validity of the patent.

4. Credibility of witnesses a matter of fact for the jury.

5. Letters patent are prima facie proof of the priority of the patentee's invention, and that it is both novel and useful.

6. After a patent has become valuable and the subject of controversy, the testimony of a witness who states, that at a particular time

and place long past, he suggested to the patentee the fundamental idea of his invention, should be acted upon by a jury with care.

7. The opinions of mechanical experts are not facts which bind the jury upon a question of identity of improvement or construction, but the jury must judge for themselves and find the facts accordingly.

8. Damages for infringement to be proved, not guessed at.

This action was commenced in August, 1868, to recover damages for the infringement of a patent granted to the plaintiff for the discovery or invention of an improved mode of inserting detachable teeth in circular saw plates. In the course of the trial, many of the important questions made by the defendant [William Tucker] were disposed of by the court on objections to the evidence offered by him, to prove that the invention of the plaintiff was not novel or patentable. At the close of the testimony, which occupied some days, counsel agreed to submit the case to the jury, without argument, upon the charge of the court, as to the questions before them. [Letters patent No. 33,270 were granted to complainant September 10, 1861; reissued April 21, 1863, No. 1,456.]

J. B. Felton and M. A. Wheaton, for plaintiff.

Hall McAllister and I. J. Bergin, for defendant.

DEADY, District Judge. Gentlemen of the jury: I regret that counsel have concluded not to argue this case to you, as the court would thereby have more time and opportunity to consider what instructions it ought to give you concerning the questions of law and fact which arise in it.

You have been chosen to try the issue between the parties. You are to decide all questions of fact submitted to you, according to the evidence given you in court. The law of the case will be given you by the court, and you are bound by your obligations as jurors, to be governed by it, to take the law as the court gives it to you, and apply it to the facts of the case as you ascertain them to be, and find your verdict accordingly.

But, before proceeding further, I give you the following special instructions at the request of the plaintiff and defendant respectively. At the request of the plaintiff, I instruct you that:

"This is an action brought for an alleged infringement of certain letters patent, granted by the United States to the plaintiff, Nathan W. Spaulding, for an alleged new and useful improvement on saws and saw teeth. Said alleged improvement consists: (1) In forming a recess or socket in the periphery or edge of the saw plates, for the insertion of detached or movable teeth on circular lines, where the pressure or strain is applied; and (2) making in combination with such sockets or recesses formed in saws or saw plates, teeth having their base or bottom plates

formed on circular lines, to fit with exactness and precision in said sockets or recesses.

"The object of the alleged invention, 'is the construction of saws in which detachable or removable teeth may be used without danger of cracking or shifting of the saw plates, on account of such teeth being inserted therein.'

"If the jury believe from the evidence, that the plaintiff Spaulding, did make the change alleged by him in the form of the sockets or recess made in the edges of saw plates for the insertion of removable teeth, and further believe that such change produced a new and beneficial effect in rendering the saw plates less liable to split or crack, and also believe that said Spaulding was the original and first discoverer or inventor of such change in the form of said sockets or recesses, then his patent is valid, and vests in him the exclusive right and liberty of making, using, and selling to others to use, such invention.

"If, in the course of his conversation at the shop, Sonberger suggested the rounding of the corners, and yet the plaintiff had conceived the idea before, and was experimenting upon it, in the progress of developing and testing it, and proceeded to do so, and obtained a patent for it, the suggestion of Sonberger under those circumstances, would not invalidate his discovery or his patent. The plaintiff in his pleadings has only claimed five thousand dollars damages, and the verdict must not be for more than that amount."

Of the special instructions requested by the defendant I give you the following two:

"A patent is not allowed for the mere exercise of mechanical skill; the patentee must, to entitle himself to his patent, have first invented the subject matter of his patent; must have added something to what was previously known or used.

"The credibility of the witnesses of the plaintiff and defendant are altogether matter of fact for the jury, and in determining the amount of credit due them respectively, the interests, relations, motives and opportunities of observation of each witness, will be taken into consideration. But if the jury believe, that any party or witness has willfully sworn falsely with respect to any material fact, they are at liberty to disregard the whole of the testimony of such party or witness."

As you perceive, the plaintiff claims to be the inventor of a new and useful mode of inserting detachable teeth in circular saw plates, for which he has obtained a patent, and that the defendant now and since July, 1868, is infringing upon such patent by selling circular saws with detachable teeth inserted therein upon the principle and according to the mode discovered by him.

The defendant denies generally that the plaintiff invented the alleged mode of inserting teeth and the validity of his patent therefor; and also pleads specially that the dis-

covery was made by one Newton prior to the date of the patent to the plaintiff. The court having excluded the evidence offered in support of this defence as immaterial, upon the ground that the instrument or invention described in the patent to said Newton was a species of rotatory mortising machine, and bore no similarity to the invention claimed by the plaintiff and now here in controversy, you have nothing to do with it.

The defendant also defends his conduct on the ground that in 1865 a patent was issued to one Emerson for an improvement in the mode of inserting adjustable teeth in circular saws, and that in 1866, Emerson transferred his right under such patent to the American Saw Company, and that a patent issued thereon to such company, in whose employment and by whose authority defendant is engaged in selling saws aforesaid.

The first controverted question in the case is the priority of invention. The plaintiff's patent is prima facie proof that he first invented the mode of inserting detachable teeth as described therein on circular lines, to prevent the cracking of the saw plate, and that such invention is both novel and useful. In other words, in the absence of satisfactory proof to the contrary, the patent is sufficient proof of the facts necessary to enable the plaintiff to support this action, except the alleged infringement hereof by the defendant. Therefore, although the priority of invention is a question for the jury to decide, yet you are bound by the rule of law, which makes the patent prima facie proof of these facts, and must find accordingly.

The only evidence in the case which tends to controvert the evidence of the patent is the testimony of Sonberger. That testimony was received without objection by the plaintiff, and is to be considered by you. You remember Sonberger's testimony as to the conversation which he states took place between himself and the plaintiff in the shop at Sacramento about rounding the base of the socket to prevent the cracking of the saw plate. Upon this point you also have the testimony of Ratcliff, Hansford, and the plaintiff. If you are satisfied from this evidence that Sonberger showed or told the plaintiff how to insert teeth upon circular lines, so as to prevent the saw plates from cracking by force of the strain upon the rear right angle of the rectangular socket—that he fully communicated the idea to him at the time—and that Spaulding had not already conceived the idea and was not then experimenting upon it, then I do not think Spaulding can be considered the discoverer of the method, although he afterwards put the idea into practice and obtained a patent for the invention.

Where a witness testifies that on some particular occasion long past, he communicated to the patentee the fundamental idea involved in his invention, and so far as ap-

pears nothing was ever said or heard about such communication by any one until the patent became suddenly valuable, and a controversy arose between the patentee and others concerning it, his testimony ought to be cautiously received by the jury and acted upon with hesitation.

The evidence being in conflict upon this point, you must decide it according to the preponderance thereof; but you must remember that the burden of proof is upon the defendant to overcome the prima facie case made by the patent—to satisfy your minds that the plaintiff was not the discoverer of this mode of inserting teeth in saw plates, as he claims to be, before he can claim a verdict at your hands. But if the evidence satisfies your minds that the plaintiff did not make this discovery, then you have come to the end of your investigation, and your verdict should be for the defendant.

On the other hand, if you should find in accordance with the patent that the plaintiff was the discoverer or inventor of his mode of inserting teeth, then you will consider further whether the plaintiff's and defendant's saws are identical in this particular, or whether the mode of inserting the teeth in the latter includes the invention or improvement of the former.

As you perceive, the Emerson tooth is so constructed and inserted as to lie upon its back and allow the shank to run out under the cutting point of the tooth and receive the sawdust therefrom and thus prevent the wearing of the sawplate by the friction of the flying dust. Thereby, it is claimed, the tooth is worn, but the plate, which is the more valuable of the two, is saved. This is the claim of the Emerson patent. But the plaintiff does not claim anything in his patent in this respect.

The plaintiff's invention consists in inserting teeth upon circular lines, so as to distribute the strain caused by the tooth impinging upon the wood, over the whole surface of the socket, rather than let it bear upon a particular point or angle, as it did, when they were inserted in rectangular recesses.

Now, the saving of the saw plate, by constructing the tooth so as to catch the sawdust, may be a valuable improvement in the manufacture and insertion of adjustable teeth, but the patent to Emerson and the American Saw Co., therefor does not give any one a right to sell saws with these Emerson teeth inserted therein upon circular lines so as to prevent the cracking of the plate.

If, then, it appears that the defendant's saws have their teeth inserted upon circular lines, so as to prevent the plates from cracking, as they would if inserted upon straight lines, the patent of his employer does not protect him in so doing, and he is liable in damages to the plaintiff for the infringement of his patent.

Certain persons, professing to be skilled as mechanics and machinists, have testified before you as experts, upon the question of the identity of the two modes of inserting teeth in this particular. Their opinions are entitled to consideration and weight at your hands, in proportion to the intelligence and fairness with which they gave their testimony. But their opinions are not facts, and you are not bound by them, but must find the fact for yourselves. Particularly is this so, when in a case like the present, the subject of the controversy is simple in principle and plain in form, and you have the machines or articles before you for inspection. The Spaulding and Emerson saw and models of the different teeth have been produced in evidence, and you have inspected them.

Under the circumstances, you can judge for yourselves whether the principle of the Spaulding patent—inserting the teeth on circular lines—has been used in the manufacture of the saws sold by the defendant.

If you find for the defendant upon this point, your verdict must be for him also. If there is no substantial identity in the mode of inserting the teeth in the two saws, then there is no infringement of the plaintiff's patent. But, if you find that the teeth in the defendant's saws, however different in other particulars from the plaintiff's, are inserted on circular lines, so as to prevent the cracking of the plates, your verdict must be for him.

If you find for the plaintiff, he is at least entitled to nominal damages—one cent. Beyond this you must find whatever damage the evidence shows the plaintiff has sustained by the wrongful conduct of the defendant. You are not to guess at the damages, but they must be established by the evidence. On the other hand, it is not necessary that there should be direct proof of every dollar of injury or loss. You are to consider the matter as reasonable and practical men, having reference to the nature and circumstances of the case.

Among other things, you may consider what the plaintiff's business was worth before the defendant commenced the sale of saws in this market—what number of teeth he was accustomed to sell yearly; whether he has sold a less number, or an equal number at a less price since the competition of the defendant commenced; and whether the reduction in profits, if any, was produced by such competition, or by the general stagnation in business in the country, the lowering of the price of labor, increased facilities for manufacture, etc., or all combined.

The jury found a verdict for $1,000, for which sum increased by another $1,000, the court, under section 14 of the act of July 4, 1836 (5 Stat. 123), gave judgment at the same term.

[NOTE. The judgment of this court was reversed by the supreme court, where it was car-

ried on writ of error; and the cause remanded, with orders for a new trial. 13 Wall. (80 U. S.) 453. Pending the appeal, a motion was made to retax complainant's bill of costs. The motion was granted. Case No. 13,221.

[For other cases involving this patent, see note to Spaulding v. Tucker, Case No. 13,221.]